**COMMONWEALTH OF
MASSACHUSETTS
VS.
OSC CORPORATION, David
ZUCKER, Jack ZUCKER &
David MacDOUGALL, Defendants**

No. 55420

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**September 21, 1982**

Francis X. Bellotti, Atty. Gen., counsel
Paul H. Merry, Asst. Atty. Gen.,

Catharine W. Hantzis, counsels for plaintiff

## RULING, ORDER AND MEMORANDUM
## OF DECISION ON THE PLAINTIFF'S MOTION TO COMPEL ANSWERS TO QUESTIONS PROPOUNDED DURING DEPOSITION

**Introduction and Order.**

The Commonwealth has brought this action against the defendants claiming that they have committed civil violations of G.L. c. 68, sec. 30(d), which also imposes criminal sanctions. Before the court at this time is a motion brought by the Commonwealth to compel the defendant Zucker to answer questions asked to him during an oral deposition. Zucker has asserted his Fifth Amendment right against self-incrimination. The Commonwealth claims that Zucker has waived that right by "voluntarily" filing sworn affidavits in this action concerning the subject matter the deposition focusses on. Zucker claims that the affidavits were filed in response to a civil matter and that further questioning at an ongoing deposition taken also in this action could lead to an inference of criminal responsibility. He asserts that he has never voluntarily admitted to any criminal liability and therefore he has never waived his Fifth Amendment rights. Zucker also claims that he was "coerced" into filing the affidavits as an economic defense to plaintiff's civil claims which caused, and attempted to continue to cause, court-ordered injunctions curtailing Zucker's business operations with key clients. Zucker in sum argues that he was forced to elect between defending himself by the affidavits or suffering irreparable harm to his business. In response to Zucker's claims I rule that he has not waived his Fifth Amendment privilege against self-incrimination, that he may claim it as he has at his deposition, and I order plaintiff's motion denied.

**Rulings and Memorandum of Decision.**

The Commonwealth uses federal standards in determining whether such a claim of privilege is justified. This has been so since **Malloy v. Hogan,** 378 U.S. 1 (1964), when the Supreme Court held the Fourteenth Amendment guarantees Fifth Amendment protection to a witness in a state court. **Malloy** reinforced the proposition that a court cannot hold a witness in contempt for refusing to answer on Fifth Amendment grounds unless it is "**perfectly clear** from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) **cannot possibly** have such tendency "to incriminate." **Id.** at 11-12. In this action a violation of G.L. c. 68, secs. 18-31 could subject defendant to criminal as well as to civil liability. Most authority endorses a strong protection for the constitutional privilege. "The privilege against self-incrimination may be claimed at any time and in any proceedings if it appears that there is danger of incrimination. Defendant has done this and despite such effect as it may have on the pending civil action, he is entitled to do so." **Duffy v. Currier,** 291 F. Supp. 810, 815 (1968). The privilege against self-incrimination "must be accorded liberal construction in favor of the right it was intended to secure." **Hoffman v. United States,** 314 U.S. 479, 486 (1951). This broad approach is consistent with a "strict, not lax, observance of the constitutional protection." **Ullman v. United States,** 350 U.S. 422, 429 (1956). The Fifth Amendment "must not be interpreted in a hostile or niggardly spirit." **Id.** at 426.

The Commonwealth argues that this court should swim against contemporary constitutional currents because Zucker submitted affidavits concerning the subject matter of this civil action, and therefore he should not be allowed to invoke the privilege of the Fifth Amendment even if it could subject defendant to criminal liability. This court rejects this argument. The Commonwealth claims there is a strong Sixth Amendment right (and "public need") to confront and depose witnesses. This right, however, should not supplant a defendant's individual right to claim the protections of the Fifth Amendment. As

the Massachusetts Supreme Judicial Court has previously stated, "the Commonwealth naturally is anxious to have the testimony of both these witnesses but they are not required to assist the Commonwealth in building its case at the expense of incriminating themselves." **Taylor v. Commonwealth,** 369 Mass. 183, 188 (1975).

The Commonwealth claims that Zucker's affidavits constituted a "waiver by testimony." This is a doctrine rarely invoked in the Commonwealth. **Commonwealth v. Funches,** 379 Mass. 283, 289 (1979). To invoke this doctrine a witness must voluntarily testify to a fact of an incriminating nature. After a review thereof, I do not consider that Zucker's affidavits contain admissions of an incriminating nature. Indeed, the affidavits are carefully worded in response to the Commonwealth's allegations and they deny the employment of procedures the Commonwealth claims Zucker used in violation of the pertinent law. Second, there are serious doubts as to whether one can consider the affidavits as being filed "voluntarily." Zucker's affidavits were in response to the Commonwealth's repeated attempts to continue injunctions against him, which Zucker claims were irreparably harming his business over a several month period. If Zucker did not file the affidavits, he would have left himself defenseless against the Commonwealth's proposals to continue the injunctions, injunctions which Zucker claims were having severe economic consequences to his business. Hence, when Zucker was trapped in a corner and forced to elect between defending himself or damaging his business, he filed the affidavits which denied the Commonwealth's allegations.

If this court decides for the Commonwealth in this action it would be endorsing the philosophy that sometimes the State can force a defendant to elect between waiving his right to plead the Fifth Amendment, or continue to suffer from severe economic sanctions without the opportunity for defense. This court believes it cannot do this and keeps with the spirit of the wealth of case law (such as **Hoffman, Duffy, Ullman & Taylor**) referred to above. Indeed in **Lefkowitz v. Cunningham,** 431 U.S. 801 (1976), the Supreme Court reflected again its concern that ". . . the touchstone of the Fifth Amendment is compulsion, and direct economic sanctions and imprisonment are . . . penalties capable of forcing the self-incrimination which the Amendment forbids." **Id.** at 806.

<div align="right">

**Paul G. Garrity**
**Justice of the Superior Court**